NO. 25-10989-J

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

RAMON GONZALEZ FIGUEROA,

Appellant,

v.

JETBLUE AIRWAYS CORPORATION,

Appellee.

---

## **BRIEF OF APPELLEE JETBLUE AIRWAYS CORPORATION**

M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2388
Email: rgoldberg@clarkhill.com

COUNSEL FOR APPELLEE
JETBLUE AIRWAYS CORPORATION

Dated: May 20, 2025

# CERTIFICATE OF INTERESTED PERSONS

## **AND CORPORATE DISCLOSURE STATEMENT**
## **PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1**

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rules 26.1-1, 1-2, ad 1-3, Appellee JetBlue Airways Corporation, by and through undersigned counsel, hereby provides the following Certificate of Interested Persons and Corporate Disclosure Statement and certifies that it is complete:

1. Arau, Michelle

2. BlackRock, Inc. (BLK)

3. Clark Hill PLC

4. Dahl, Patrick

5. Figuera, Ramon Gonzalez

6. Goldberg, M. Roy

7. Hathaway, Brianna

8. JetBlue Airways Corporation (JBLU)

9. Lomax, Christopher

10. Lomax Legal PLLC

11. Morgan, Akins & Jackson PLLC

12. Singhal, Raag

13. Strauss, Jared

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
Attorney for Appellee
JetBlue Airways Corporation

*Figueroa v. Jetblue Airways Corporation*,
Record No. 25-10989-J

## **CERTIFICATE OF INTERESTED PERSONS**
## **AND CORPORATE DISCLOSURE STATEMENT**
## **PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1**

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rules 26.1-1, 1-2, ad 1-3, Appellee JetBlue Airways Corporation, by and through undersigned counsel, hereby provides the following Certificate of Interested Persons and Corporate Disclosure Statement and certifies that it is complete:

1. Arau, Michelle

2. BlackRock, Inc. (BLK)

3. Clark Hill PLC

4. Dahl, Patrick

5. Figuera, Ramon Gonzalez

6. Goldberg, M. Roy

7. Hathaway, Brianna

8. JetBlue Airways Corporation (JBLU)

9. Lomax, Christopher

10. Lomax Legal PLLC

11. Morgan, Akins & Jackson PLLC

12. Singhal, Raag

13. Strauss, Jared

*Figueroa v. Jetblue Airways Corporation*,
Record No. 25-10989-J

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
Attorney for Appellee
JetBlue Airways Corporation

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

This appeal is so straightforward and the appropriate outcome so obvious that JetBlue respectfully submits that oral argument is not necessary. However, if Appellant is afforded oral argument, JetBlue respectfully requests equal treatment and that it also be allowed to participate through counsel in the oral argument.

# TABLE OF CONTENTS

**Page(s)**

CERTIFICATE OF INTERESTED PERSONS .........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS.................................................................................iv

TABLE OF AUTHORITIES ...........................................................................v

NOTE ON RECORD CITATIONS IN BRIEF ......................................................1

JURISDICTIONAL STATEMENT ...................................................................2

STATEMENT OF ISSUES .............................................................................2

PRELIMINARY STATEMENT .......................................................................2

STATEMENT OF THE CASE..........................................................................3

APPLICABLE STANDARD............................................................................4

ARGUMENT ...............................................................................................5

      I.     THE DISTRICT COURT CORRECTLY HELD THAT GONZALEZ FIGUEROA'S CLAIM IS PREEMPTED BY THE AIRLINE DEREGULATION ACT BECAUSE IT RELATES TO AN AIR CARRIER "SERVICE": TRANSPORTATION OF PASSENGERS BY AIR. ...........................5

      II.    THE DISTRICT COURT PROPERLY DENIED GONZALEZ FIGUEROA'S REQUEST TO FILE AN AMENDED COMPLAINT.................................................................11

CONCLUSION ...........................................................................................13

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE  REQUIREMENTS.........14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Airlines, Inc. v. Wolens*,
  513 U.S. 219 (1995) .................................................................6, 7

*Am. Dental Ass'n v. Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010) ...........................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................5

*Branche v. AirTran Airways, Inc.*,
  342 F.3d 1248 (11th Cir. 2003) ......................................6, 7

*Hall v. United Ins. Co. of Am.*,
  367 F.3d 1255 (11th Cir. 2004) .......................................12

*Hodges v. Delta Air Lines, Inc.*,
  44 F.3d 334 (5th Cir. 1995) (*en banc*) ............................6, 7

*Montgomery v. Delta Air Lines, Inc.*,
  No. 22-10692, 2023 WL 2400743 (5th Cir. Mar. 8, 2023) .................9

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ...............................................................5

*Onoh v. Northwest Airlines, Inc.*,
  613 F.3d 596 (5th Cir. 2010) ..............................................9

*Onoh v. Northwest Airlines, Inc.*,
  No. 3:8-CV-1110-N, 2009 WL 10702913 (N.D. Tex. Sept. 1, 2009) .............8

*Pearson v. Lake Forest Country Day Sch.*,
  199 Ill.Dec. 324, 633 N.E.2d 1315 (1994) ..........................7

*Thompson v. City of Miami Beach, Fla.*,
  990 F. Supp. 2d 1335 (S.D. Fla. 2014) .............................12

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
  73 F.3d 1423 (7th Cir. 1996) ..................................................................7

*Williams v. Bd. of Regents of Univ. Sys. of Ga.*,
  477 F.3d 1282 (11th Cir. 2007) ............................................................12

*Williams v. Express Airlines, I, Inc.*,
  825 F. Supp. 831 (W.D.Tenn.1993) ......................................................7, 8

*Williams v. Midwest Airlines, Inc.*,
  321 F.Supp.2d 993 (E.D. Wis. 2004) .......................................................8

*Xiaoyun Lu v. AirTran Airways, Inc.*,
  631 Fed. Appx. 657 (11th Cir. 2015) .....................................................10

**Statutes**

28 U.S.C. § 1291 ......................................................................................2

49 U.S.C. § 40101(a) ................................................................................6

Airline Deregulation Act of 1978, 49 U.S.C. 41713(b)(1) ...............2, 5, 6

**Rules**

11th Cir. R. 32-4 .....................................................................................14

Fed. R. App. P. 32(a)(5) ..........................................................................14

Fed. R. App. P. 32(a)(6) ..........................................................................14

Fed. R. App. P. 32(a)(7)(B) .....................................................................14

Fed. R. App. P. 32(f) ...............................................................................14

Fed. R. Civ. P. 12(b)(6) .............................................................................5

Fed. R. Civ. P. 15(a) ...............................................................................12

Fed. R. Civ. P. 15(a)(2) ...........................................................................12

## <u>NOTE ON RECORD CITATIONS IN BRIEF</u>

Appellant has filed an Appendix with this Court which includes the pleadings and orders below. Appellee's brief references this record by referring to the Eleventh Circuit ECF (ECF 15) and the page number in ECF 15 that is being referenced.

## JURISDICTIONAL STATEMENT

Pursuant to 28 U.S.C. § 1291, this Court possesses jurisdiction over the appeal because it was a timely filed appeal of the final judgment of the District Court.

## STATEMENT OF ISSUES

1.     Whether Appellant's state law claim challenging JetBlue Airways Corporation's placement of Appellant on its uninvited to fly ("UTF") list is preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1) ("ADA"), because it relates to an air carrier "service": namely, the provision of transportation by air from Point A to Point B.

2.     Whether it was proper to deny Appellant's request to file an amended complaint given that it would be futile for Appellant to try to amend his Complaint to state a claim that is not preempted by the Airline Deregulation Act.

## PRELIMINARY STATEMENT

This appeal should be summarily denied because the legal challenge of Appellant Ramon Gonzalez Figueroa ("Gonzalez Figueroa") to his being placed on the uninvited to fly ("UTF") list by Appellee JetBlue Airways Corporation ("JetBlue") is clearly preempted by the Airline Deregulation Act of 1978, 49 U.S.C. 41713(b)(1), in that his state law claim undeniably relates to an air carrier "service": namely, the provision of transportation by air of a person from Point A to Point B. Recognizing this fatal aspect of his claim, Gonzalez Figueroa on appeal attempts to

convert his claim to one for **removal** from an aircraft rather than **placement on the JetBlue UTF list** (also known as a "no-fly list"). But that is not what was alleged in his Complaint and that does not reflect the undisputed facts.

## STATEMENT OF THE CASE

During a JetBlue flight from Washington, D.C. to Florida in July 2022, Gonzalez Figueroa displayed his firearm and made a commotion regarding the airline's treatment of his wife. This conduct prompted JetBlue to decide that Gonzalez Figueroa should no longer be invited to fly JetBlue on future flights. Complaint, ECF 15, at 4-5. As set forth in the Complaint, "The communication of that information" by Gonzalez Figueroa "was interpreted as being inappropriate under the circumstances and landed Plaintiff on JetBlue's uninvited to fly ('UTF') list indefinitely." *Id*. at 5 (¶ 21).

The sole Count of the Complaint purports to allege a claim for common law negligence (a state law claim), asserting that:

> Instead of exercising the level of deliberation and due diligence required under the circumstances, JetBlue breached its duty to Plaintiff by making an arbitrary and capricious decision to place him on the UTF list indefinitely and without just cause.

ECF 15, at 17, ¶ 28.

However, this case is not about whether JetBlue had a reason to be concerned about the risk to its passengers and crew of allowing an armed government official to use his position and weapon to intimidate the flight crew pursuant to a personal

matter. Rather, the only issue is whether Gonzalez Figueroa's state law challenge to JetBlue's placement of Gonzalez Figueroa on its UTF list is preempted by the Airline Deregulation Act. The answer to that question is clearly "yes."

In adopting the Magistrate's report in favor of dismissal on the basis of ADA preemption, the District Court stated:

> [JetBlue]'s choice to place [Gonzalez Figueroa] on its uninvited to fly ("UTF") list relates directly to "ticketing" and the "transportation itself." . . . [JetBlue's] decision to place [Gonzalez Figueroa] on its UTF list determines whether [Gonzalez Figueroa] even has "access to flights." . . . Accordingly, the ADA preempts [Gonzalez Figueroa] from bringing his claim.

Adopting Magistrate Judge's Report, ECF 15, at 6.

In addition, the District Court "disagree[d] with [Gonzalez Figueroa's] assertion that this action is 'akin to removal claims.'" *Id*. at 7. This is because Gonzalez Figueroa "was not removed during the flight. Rather, [JetBlue] placed his name on its UTF list *after* the flight concluded." *Id*. (court's emphasis).

In sum, JetBlue made a decision to bar Gonzalez Figueroa from future flights, and because that determination relates to an air carrier "service," the District Court properly held that his claim should be dismissed as preempted by the Airline Deregulation Act.

## **APPLICABLE STANDARD**

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* at 678. The complaint must include "[f]actual allegations ... [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

This Court reviews *de novo* the District Court's granting of JetBlue's motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY HELD THAT GONZALEZ FIGUEROA'S CLAIM IS PREEMPTED BY THE AIRLINE DEREGULATION ACT BECAUSE IT RELATES TO AN AIR CARRIER "SERVICE": TRANSPORTATION OF PASSENGERS BY AIR.

In 1978, Congress deregulated the airline industry by enacting the Airline Deregulation Act, now codified at 49 U.S.C. 41713(b)(1). *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). The ADA was intended to promote

5

"maximum reliance on competitive market forces," while at the same time "assigning and maintaining safety as the highest priority in air commerce." 49 U.S.C. § 40101(a); *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 230 (1995). To ensure that the states would not compromise federal deregulation by promulgating and enforcing laws and regulations of their own, the ADA contains an express preemption provision, which states:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1).

The definition of "services" as used in the ADA includes the provision of air transportation and, therefore in this case, the decision of an air carrier to deny air transportation. In *Branche v. AirTran Airways, Inc.*, 342 F.3d 1248 (11th Cir. 2003), this Court concluded that the term "services" as used in the Airline Deregulation Act includes the provision of air transportation. The *Branche* Court deemed "compelling" the Fifth Circuit's definition of "services" in *Hodges v. Delta Air Lines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (*en banc*):

> "Services" generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and

> drink, and baggage handling, **in addition to the transportation itself**. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and broadly to protect from state regulation.

Quoted in *Branche*, 342 F.3d at 1256-57 (emphasis added). This Court added that "the phrase related to the . . . services of an air carrier' means having a connection with or reference to the elements of air travel that are bargained for by passengers with air carriers," **which "includes . . . the physical transportation of passengers . . . ."** *Id*. at 1258-59 (emphasis added).

It is well-established that refusal to transport a passenger relates to a "service" under the ADA. In *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1434 (7th Cir. 1996), the court stated:

> [T]he intentional tort claims expressly refer to airline "services," which include ticketing as well as the transportation itself. *Hodges*, at 336. These tort claims are based on the airline's refusal to transport passengers who had booked their flights through Travel All. Such tort claims clearly "relate to" the airline's provision of services. *See Wolens*, 513 U.S. at [226], 115 S.Ct. at 823 (finding claims based on an airline's frequent flier reward cutbacks related to airline services because they involved "access to flights"); *Williams v. Express Airlines, I, Inc.,* 825 F. Supp. 831, 833 (W.D.Tenn.1993) (finding false imprisonment claim based on airline's refusal to board passenger related to airline service); *Pearson* [*v. Lake Forest Country Day Sch.*], 199 Ill.Dec. [324,] at 329–30, 633 N.E.2d [1315,] at 1320–21 [(1994)] (finding tort claims based on airline's refusal to transport plaintiff directly connected to airline services).

7

*See also Williams v. Midwest Airlines, Inc.*, 321 F.Supp.2d 993, 996 (E.D. Wis. 2004) ("In the present case, plaintiffs' state law tort claims are based on Midwest's alleged wrongful refusal to transport passengers" and therefore "plaintiffs' tort claims clearly relate to airline services and are preempted by the ADA."); *Williams v. Express Airlines I, Inc.,* 825 F. Supp. 831, 833 (W.D.Tenn.1993) (finding that claim based on airline's refusal to board a passenger related to airline service).

In *Onoh v. Northwest Airlines, Inc.*, No. 3:8-CV-1110-N, 2009 WL 10702913 (N.D. Tex. Sept. 1, 2009), the "lawsuit ar[ose] out of Northwest [Airlines]'s refusal to transport Onoh, a Nigerian national, when she attempted to return to Nigeria from the United States . . . ." In ruling that the plaintiff's claims were preempted by the ADA, the court stated that "[t]he decision whether or not to transport Onoh goes to the heart of [Northwest Airlines'] primary service as an airline." *Id*. *2.  The court added "Because the intentional inflict of emotional distress claim relates directly to the central service of the airline, to transport, and its adjudication would constitute enforcement of state law, it is preempted." *Id.*

In affirming the dismissal of the claims regarding Northwest's refusal to transport Onoh as preempted by the ADA, the Fifth Circuit stated:

> The question of whether Onoh suffered an IIED when a Northwest agent prohibited her from boarding a flight on the grounds that the State Department would not permit Onoh to travel clearly falls within this definition of airline "services." Moreover, we reject Onoh's contention that her claim is "tenuous, remote, or peripheral" with respect to Northwest's provision of "service" because it only addresses the

8

manner in which she was refused service rather than the fact that service was refused. Northwest's decision to deny Onoh boarding cannot be divorced from its stated reasons for denying her boarding. Accordingly, Onoh's IIED claim is preempted by the ADA.

*Onoh v. Northwest Airlines, Inc.*, 613 F.3d 596, 600 (5th Cir. 2010); *see also Montgomery v. Delta Air Lines, Inc.*, No. 22-10692, 2023 WL 2400743, *5 (5th Cir. Mar. 8, 2023) ("Like in *Onoh*, Delta's decision not to provide transportation to Appellants is enough for us to hold that the Deregulation Act preempts their claims. Our precedent makes clear that boarding and transportation are undeniably 'services' under the Deregulation Act. *Onoh*, 613 F.3d at 599. Moreover, Appellants' interactions with the Delta gate agents are not substitutes for 'the fact that service was refused.' *Id.* at 600. Therefore, the district court correctly dismissed Appellants' claims on preemption grounds.")

In conclusion, the law is clear that Gonzalez Figueroa's challenge to being denied transportation by JetBlue in the future is preempted by the ADA because it is a state law claim that is related to an air carrier "service."

On appeal, Gonzalez Figueroa contends that his claim is not actually a challenge to being placed on the JetBlue UTF list, but instead a challenge to JetBlue's decision to **remove** Gonzalez Figueroa from a flight that he was on. Appellant's Br., ECF 14, at 8. But this assertion is entirely inconsistent with the allegations in the Complaint and the facts of this case. As set forth in the Complaint, Gonzalez Figueroa contends:

> JetBlue's arbitrary, capricious, and negligent **decision to place Plaintiff on the UTF list** was made despite the fact that JetBlue's internal documents regarding the incident indicate that Plaintiff was "not attempting to intimidate the crew."

ECF 15, at 16, ¶ 23 (emphasis added). *See also id.* ¶ 22 (Gonzalez Figueroa "did nothing to warrant **being placed on the UTF list**") (emphasis added); *id.* at 17, ¶ 28 ("JetBlue breached its duty to Plaintiff by making an arbitrary and capricious **decision to place him on the UTF list** indefinitely and without just cause") (emphasis added).

In other words, Appellant's claim challenges placement on the UTF list. He cannot try to avoid losing this appeal by pretending as if his claim and the underlying facts are totally different than what transpired and what is alleged in the Complaint.

The primary case relied on by Gonzalez Figueroa – *Xiaoyun Lu v. AirTran Airways, Inc.,* 631 Fed. Appx. 657 (11th Cir. 2015) – is inapposite because it did not involve an airline's decision to place the plaintiff on a no-fly list. The plaintiff in *Xiaoyun Lu* challenged the airline's forced removal from the aircraft after she purportedly refused to silence her cellphone. Although this Court affirmed dismissal of the case, it stated in a footnote that "The Eleventh Circuit has not addressed whether removal from an aircraft is a 'service' under the preemption provision of the ADA," and that "Insofar as Lu's tort claims address her removal from the aircraft, we conclude that the record does not support the district court's finding that removal is related to 'transportation itself' . . . ." *Id*. at 661 n. 3.

The fact that this footnote language from *Xiaoyun Lu* **might apply** if Gonzalez Figueroa's Complaint challenged his **removal** from a JetBlue aircraft is irrelevant because the Complaint here takes aim at JetBlue's decision to deny Gonzalez Figueroa's ability to board some unspecified future flight. This case is simply not about the forced removal of a passenger from the aircraft. Gonzalez Figueroa was not removed during the flight. Rather, JetBlue placed his name on its UTF list *after* the flight concluded.

Notably, although Gonzalez Figueroa's negligence claim is preempted by the ADA, it is also the case that Gonzalez Figueroa has failed to allege any facts to support his claim that it was arbitrary and capricious for JetBlue to place him on the UTF list. *See* ECF 15, at 22. But there is no need to consider that issue given that the negligence claim is preempted.

In sum, Gonzalez Figueroa's attempt to avoid affirmance of dismissal of his case by now claiming that he is challenging removal from a flight rather than placement on the JetBlue UTF list is at fundamental odds with his own Complaint.

## II. THE DISTRICT COURT PROPERLY DENIED GONZALEZ FIGUEROA'S REQUEST TO FILE AN AMENDED COMPLAINT.

In rejecting Gonzalez Figueroa's request to file an amended complaint, the district court stated that Gonzalez Figueroa failed to amend his Complaint "twenty-one days after serving it," and that he "had ample opportunities to respond to"

11

JetBlue's motion to dismiss. ECF 15, at 89. However, an additional ground for denying amendment of the Complaint is futility.

Apart from initial amendments being permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." (citation omitted)).

The futility of an amended complaint is clear here. Nothing that Gonzalez Figueroa can allege in an amended complaint will change the fact that (1) Gonzalez Figueroa is complaining about JetBlue's placement of Gonzalez Figueroa on its UTF list; and (2) the Airline Deregulation Act preempts a person's legal challenge to being placed on a no-fly list.

## **CONCLUSION**

For the reasons stated above, the decision of the District Court to dismiss Gonzalez Figueroa's Complaint and action as preempted by the Airline Deregulation Act should be affirmed, and Gonzalez Figueroa's appeal should be rejected.

Respectfully submitted,

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2388
Email: rgoldberg@clarkhill.com

COUNSEL FOR APPELLEE
JETBLUE AIRWAYS CORPORATION

Dated: May 20, 2025

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding parts of the document exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, this document contains 2,876 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2412 in 14-point Times New Roman.

Dated: May 20, 2025                          Respectfully submitted,

                                             */s/ M. Roy Goldberg*
                                             M. Roy Goldberg, Esq.

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of May, 2025, I electronically caused the foregoing brief to be filed with the Clerk of Court by using the CM/ECF system, which will send the electronic filing to all counsel of record.

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.